UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                              Case No. 11-20307

-vs-                                        HON. AVERN COHN

GREGORY GORSKI,

    Defendant.
_____/

**MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO RULE 29 (Doc. 27)**

I. Introduction

This is a criminal case. Defendant was employed by the United States Postal Service as a vehicle maintenance specialist at the Postal Service's Vehicle Maintenance Facility (VMF) in Detroit. He was later employed as the acting manager of the VMF in Ann Arbor. In his positions, he made decisions and provided input regarding whether Postal Service vehicles should be sent to private contractors for repair and maintenance and to what contractors they should be sent.

Defendant was charged with one count of conspiracy to commit bribery, in violation of 18 U.S.C. § 371 and § 201(b)(2)(A) and four counts of bribery, in violation of 18 U.S.C. § 201(b)(2)(A). Essentially, defendant was accused of accepting things of value from Joe Fawaz (Fawaz), a private contractor, in exchange for assigning repair and maintenance work of Postal Vehicles to Fawaz.

Defendant was found guilty by a jury as charged. The jury rejected the alternative of finding defendant guilty of the lesser offenses of conspiracy to accept

illegal gratuities and accepting an illegal gratuity.

Before the Court is defendant's motion for judgment of acquittal as to the bribery charges, and for entry of a verdict of guilty as to the lesser gratuity charges. (Doc. 27). Defendant argues that the evidence presented at trial in a light most favorable to the government was insufficient to sustain the jury's verdict. The government filed a response, contending that the evidence at trial overwhelmingly showed that defendant accepted things of value from Joe Fawaz (Fawaz), a government contractor, in order to influence him in the performance of his official acts by assigning repair work of postal trucks to Fawaz. (Doc. 28). The government is correct. Defendant's motion will be denied.

## II. Legal Standard

When addressing a motion for judgment of acquittal under Rule 29(c), the Court must view the evidence in the light most favorable to the prosecution and determine whether there was sufficient evidence offered at trial to convince a rational trier of fact beyond a reasonable doubt that all of the elements of the charged crimes had been established. United States v. Graham, 622 F.3d 445, 448 (6th Cir. 2010); see also Jackson v. Virginia, 443 U.S. 307, 318–19 (1979). "The relevant question in assessing a challenge to the sufficiency of the evidence is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. McAuliffe, 490 F.3d 526, 537 (6th Cir.2007); see also Jackson, 443 U.S. at 318. The evidence need not exclude every theory of innocence. Jackson, 443 U.S. at 319. The testimony of a single witness is generally sufficient to demonstrate guilt beyond a reasonable doubt. "The prosecution, however, must present substantial

evidence as to each element of the offense from which a jury could find the accused guilty beyond a reasonable doubt." Brown v. Davis, 752 F.2d 1142, 1145 (6th Cir. 1985) (internal citation omitted). "Substantial evidence is more than a scintilla. It means such relevant evidence as a reasonable mind might accept to support a conclusion. It is evidence affording a substantial basis of fact from which the fact in issue can be reasonably inferred." United States v. Martin, 375 F.2d 956, 957 (6th Cir.1967). But where the evidence is at least as indicative of innocence as guilt, the Court must direct a verdict of acquittal. United States v. Berger, 224 F.3d 107, 116 (2d Cir.2000).

B.

Defendant was charged with conspiracy to commit bribery and bribery. To establish that a defendant is guilty of conspiracy under 18 U.S.C. § 371, the government must prove three elements: "(1) the existence of an agreement to violate the law; (2) knowledge and intent to join the conspiracy; and (3) an overt act constituting actual participation in the conspiracy." United States v. Blackwell, 459 F.3d 739, 760 (6th Cir. 2006). "[P]roof of a formal agreement ... is unnecessary; a tacit or mutual understanding among the parties is sufficient to show a conspiracy." United States v. Lee, 991 F.2d 343, 348 (6th Cir. 1993).

The Court of Appeals for the Fourth Circuit has explained the nature of a violation of 18 U.S.C. § 201(b)(2)(A) as follows:

> Section 201(b) makes it illegal for a government official corruptly to solicit "anything of value personally or for another person or entity, in return for" being influenced in the performance (or nonperformance) of some official act. 18 U.S.C. § 201(b)(2)(A). "For bribery there must be a quid pro quo-a specific intent to give or receive something of value in exchange for an official act." United States v. Sun-Diamond Growers of Cal., 526 U.S. 398, 404-05, 119 S.Ct. 1402, 143 L.Ed.2d 576 (1999). We have stated

3

that the government is not required in a bribery case to prove "an expressed intention (or agreement) to engage in a quid pro quo." United States v. Jennings, 160 F.3d 1006, 1014 (4th Cir.1998). Nor must the government prove "that the defendant intended for his payments to be tied to specific official acts (or omissions).... Rather, it is sufficient to show that the payor intended for each payment to induce the official to adopt a specific course of action." Id. In other words, "the quid pro quo requirement is satisfied so long as the evidence shows a course of conduct of favors and gifts flowing to a public official in exchange for a pattern of official actions favorable to the donor." Id. (internal quotations omitted).

United States v. Quinn, 359 F.3d 666, 673 (4th Cir.2004)..

III. Analysis

A.

Defendant's argument is that the evidence showed he illegally accepted gratuities, but did not engage in bribery. The difference between a gratuity and a bribe may be subtle, but it is significant. The jury was properly instructed on the elements of bribery and on the elements of illegal acceptance of gratuities, and the difference between the two. The Court told the jury:

> Accepting an illegal gratuity is a lesser included offense of bribery. If you should unanimously find the Defendant "Not Guilty" of one of the bribery counts (Counts Two, Three, Four, and Five) or of the conspiracy to commit bribery count (Count One), you must then determine whether the Defendant is guilty of the lesser included offenses of accepting or agreeing to accept an illegal gratuity or of conspiring to accept an illegal gratuity. The difference in the two crimes is this: bribery requires that the public official accept something of value in return for being influenced in the performance of an official act. An illegal gratuity, on the other hand, does not require that the thing of value was given or accepted in return for influencing an official act. Instead, an illegal gratuity can be any illegal payment to a public official on account of or because of his performance of his job. In other words, the gratuity was given as a reward for the public official's past official acts or for the public

4

official's performance of official acts in the future.

B.

The evidence was sufficient for the jury to find that defendant was influenced by what he received from Fawaz to assign his company repair work. In other words, that defendant committed bribery. During an interview with postal agents, defendant said that he directed work to Fawaz while he was a supervisor in the Detroit VMF as well as the VMF in Ann Arbor. As the government states:

> . . .that he knew that Fawaz was giving him things of value in order to influence his official acts.
>
> * * *
>
> Fawaz's testimony clearly established that he gave things worth over $27,000 in order to influence [defendant], and that [defendant] knew that fact.

(Doc. 28 at p. 3).

And goes on to state:

> [The agent] testified that he asked [defendant] if the various things of value that he received from Fawaz influenced his work as a Postal supervisor. Specifically, he asked [defendant] if he gave more business to Fawaz because of the things he got from Fawaz. [Defendant] stated yes, that he had given Fawaz more business as a result of the things he got from [him].

(Doc. 28 at p. 4).

Additionally, circumstantial evidence influences the jury's conclusion that was at work was bribery and not gifts. The government in its response correctly describes the evidence as follows:

> . . .significant circumstantial evidence showed that [defendant] was influenced by things he got from Fawaz.

5

> For example, before [defendant] arrived as the Manager of the Ann Arbor VMF, the Ann Arbor VMF did not use Fawaz's company to do any repair work. After [defendant] arrived in Ann Arbor, [defendant] suddenly began sending tens of thousands of dollars in Postal repair work every month to Fawaz. [Defendant] did this despite the opposition of the Lead Mechanic (John Johnson) and the Clerk (Gayle Fischer) at the Ann Arbor VMF. Other witnesses, including Jeffrey Adams, Charles Garnett, and Denny Robinson, all testified that [defendant] favored Fawaz's company over other contractors. They testified that [defendant] favored Fawaz's company even when it did not make sense for [defendant] to send the repair work to Fawaz.

(Doc. 28 at p. 5).

## IV. Conclusion

For the reasons stated above, the evidence viewed in a light most favorable to the government established that defendant was influenced by the things of value he received from Fawaz. As such, there is no basis to disturb the jury's finding that defendant is guilty of bribery and conspiracy to commit bribery.

Accordingly, defendant's motion is DENIED.

SO ORDERED.

    S/Avern Cohn
    AVERN COHN
    UNITED STATES DISTRICT JUDGE

Dated: April 18, 2012

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 18, 2012, by electronic and/or ordinary mail.

    S/Julie Owens
    Case Manager, (313) 234-5160